IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAY C. TOWNLEY                                                                                          PLAINTIFF

v.                                    Civil No. 13-2235

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ray Townley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The Plaintiff filed his applications for DIB on March 29, 2010, alleging an onset date of September 12, 2009, due to post-traumatic stress disorder ("PTSD"), sleep apnea, coronary artery disease ("CAD"), and high blood pressure. Tr. 70, 122, 137. His claims were denied both initially and upon reconsideration. Tr. 67, 81. An administrative hearing was then held on December 13, 2011. Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

A the time of the administrative hearing, Plaintiff was 47 years old and possessed a general equivalency degree. Tr. 31, 32, 39, 122, 136, 138. He had past relevant work ("PRW") as an oilfield equipment mechanic and welder. Tr. 55, 149-164.

On January 31, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's status-post myocardial infarction, angioplasty with stent placement, and affective mood disorder did not meet or equal any Appendix 1 listing. Tr. 26-28. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work, except "due to psychologically based factors claimant has some limitations but it able [sic] to perform simple and some, but not all, complex tasks in a familiar setting with occasional supervision. He can relate to others on a superficial work basis and he is able to adapt to a work situation." Tr. 28. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a cafeteria attendant. Tr. 32.

Plaintiff exhausted his administrative remedies when the Appeals Council denied his request for review on August 22, 2013. Tr. 1-7. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 14, 15.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

The undersigned is concerned by the ALJ's RFC determination in this case. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

4

supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The record makes clear that Plaintiff suffers from chronic lower back pain, chronic left shoulder pain, poorly controlled hypertension, and coronary artery disease status post myocardial infarction and stent placement.  Physical examinations have revealed a painful range of motion in his back and some range of motion limitations in his left shoulder with pain.  Tr. 683-691.  A CT scan of his lumbar spine also showed disk protrusions and bulges at the L4-5 and L5-S1 levels with nerve root abutment.  Tr. 773-776.  Unfortunately, Plaintiff's treating doctor was not asked to complete an RFC assessment or a treating source statement.

In March 2011, the ALJ sent Plaintiff for a consultative examination with cardiologist, Dr. Alemaparte.  Tr. 742-761.  The doctor noted that although tests did not show any changes suggestive of ischemia, Plaintiff experienced angina symptoms and had a hypertensive response to exercise.   He was of the opinion that Plaintiff should be considered for full cardiac disability because he could not perform a significant amount of physical activity and could not tolerate extreme temperatures.  However, the ALJ did not ask Dr. Alemparte to complete an RFC assessment.  And, the doctor was not asked to elaborate on his comments.

The only RFC assessments contained in the record were completed by non-examining consultants prior to the CT scan of Plaintiff's lumbar spine.  Tr. 710-717.  764-771.  *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).  And, aside from these outdated RFCs, the record contains no evidence that correlates Plaintiff's

symptoms into work related limitations. Accordingly, the case must be remanded to the ALJ for further consideration.

On remand, the ALJ is directed to obtain an RFC assessment from Plaintiff's treating doctors, both general practitioner and cardiologist. If this cannot be obtained, then the ALJ is directed to order consultative orthopedic and cardiac exams complete with actual RFC assessments.

V.      **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of December 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE