IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAY TOWNLEY                                                                PLAINTIFF

v.                              CIVIL NO. 13-2235

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 18, 19. This matter is before the undersigned by consent of the parties. ECF No. 7.

On March 4, 2015, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $9,475.50 representing a total of 8.35 attorney hours for work performed in 2013 at an hourly rate of $183.00, 28.65 attorney hours for work performed in 2014 at a rate of $186.00 per hour, 1.65 attorney hours for work performed in 2015 at a rate of $187.00, and 30.80 paralegal hours at an hourly rate of $75.00. ECF No. 19-1. On March 18, 2015, the Defendant filed objections to the request, arguing that Plaintiff is not entitled to EAJA fees because Defendant's position is substantially justified. ECF No. 20. The Defendant has also objected to the number of the attorney and paralegal hours for which reimbursement is sought.

In a Memorandum Opinion entered by the undersigned on December 4, 2014, this matter was remanded for the following reasons: 1) the ALJ failed to obtain an RFC assessment from Plaintiff's treating doctor; 2) the ALJ failed to clarify the findings of Dr. Jose Alemparte, the

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

consultative cardiologist who opined that the Plaintiff should be considered for full cardiac disability because he could not perform a significant amount of physical activity and could not tolerate extreme temperatures; and, 3) the RFC assessments contained in the record were dated prior to the Plaintiff's CT scan and did not take those findings into consideration. ECF No. 16.

The EAJA requires awarding attorney fees to defendants who prevail in suits brought by the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means the government's position "has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotation marks omitted)); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11, reprinted in 1980 U.S.Code Cong. & Ad.News 4989.

The Commissioner's position must be substantially justified at both the administrative and litigation levels. *Smith v. Astrue*, 2012 WL 5031915 *2 (D.S.D. February 15, 2012). And, the United States Court of Appeals for the Eighth Circuit takes a holistic approach, awarding fees "when the government takes a substantially unjustified position on a significant issue that affects the entirety of the case." *U.S. v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (holding district court should make "only one threshold determination for the entire civil action") (citing *Comm'r v. Jean,* 496 U.S. 154, 159 (1990)).

The Eighth Circuit has described the RFC determination as "[p]robably the most important issue" in a Social Security case. *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc), *abrogated on other grounds by Forney v. Apfel,* 524 U.S. 266 (1998).

2

Therefore, it is the opinion of the undersigned that the Defendant's position was not substantially justified. Accordingly, the Court will proceed with the determination of the amount of attorneys' fees to which Plaintiff is entitled.

The Defendant objects to 10.90 of the 13.90 attorney and paralegal hours requested for reviewing the Defendant's three-page Answer and the 900 page administrative transcript on February 6-7, 2014. The Defendant points out that the Plaintiff has also requested compensation for 7.20 attorney hours on September 5- 6, 2014, and 13.30 attorney and paralegal hours on March 3-5, 2014, for reviewing the record. In response, the Plaintiff merely states that this additional review of the record was necessary for him to prepare the supplemental statement identifying the irrelevant and duplicative evidence of record, as ordered by this Court.

While the Court acknowledges the statement to which the Plaintiff is referring, we do not find that this alone requires a second review of the entire transcript. The supplemental statement is to be completed at the same time as the Appeal Brief, warranting only one review of the record.

Accordingly, it is the opinion of the undersigned that the Plaintiff's time should be reduced by 10.90 attorney and 10.90 paralegal hours for the review of the record conducted on February 6-7, 2014. As such, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $6,630.60.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

AO72A
(Rev. 8/82)

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IV. **Conclusion:**

Based upon the foregoing, we award Plaintiff **$6,630.60** pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 15th day of April 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)